# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Vicki Bethel, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No.: 2:16-cv-00960 |
| | : | |
| v. | : | District Judge: Watson |
| | : | |
| Wal-Mart Stores East, LP., | : | Magistrate Judge: Jolson |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Protective Order:

1. This Protective Order shall govern the disclosure of materials designated as Confidential Material <u>during the course of discovery</u>. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

>   a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure contracts; proprietary information; vendor agreements; personnel files; and claim/litigation information.

>   b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related Protected Data are considered Highly Confidential Material and shall be deemed "ATTORNEYS' EYES ONLY". Qualified recipients of materials marked "ATTORNEYS' EYES ONLY" shall include only

the following: In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3. If any party seeks to designate additional documents or categories of documents as Confidential Material, it will be the burden of the party seeking protected status to move for a Court Order designating the materials as confidential after the parties confer.

4. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those person involved in the prosecution or defense of this litigation.

5. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL-

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within 15 business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15 business day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15 business day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER"" legend to the designated pages and segregate them as appropriate.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of

"CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

6. Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppels as to, any claim or attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produce to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppels as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state

proceeding. This provision is designed to foreclose any arguments that by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;
    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;
    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or
    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents

7. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the Litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer

or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

8. Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

9. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

10. Nothing in this Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

12. Confidential Material may be filed with the Court. Should any party have good cause to seal from public view any Confidential Material that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Sixth Circuit case law regarding filing materials under seal. Any member of the public may challenge any attempt by any party to the sealing of the documents filed with the Court.

13. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 12 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

14. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within 30 days of settlement or final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all items designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies or summaries thereof shall be returned to the party that produced such materials or shall be destroyed. Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 30-day deadline that (1) identifies (by

category, where appropriate) all the Confidential Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

15. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or facsimile transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and,

at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

17. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

18. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

APPROVED:
Jackie M. Jewell (0090499)
Reminger Co., L.P.A.
200 Civic Center Drive, Ste. 800
Columbus, Ohio 43215
*Counsel for Defendant Wal-Mart Stores East, L.P.*

Melissa R. Lipchak (0055957)
melissalipchak@melissalaw.net
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
*Attorney for Plaintiffs*

    IT IS SO ORDERED.


Date: October 18, 2017        /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE

# AFFIDAVIT

1. My name is _____. I live at _____.

2. I am aware that a Protective Order has been entered in _____, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Protective Order are being disclosed to me only upon the condition that I agree to be subject to the jurisdiction of this Court and to that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

4. I promise that I will not disclose or discuss such Confidential Materials or information any person other than the parties and counsel for the parties or members of their staff.

DATED: _____, 20____ .                    _____

**EXHIBIT A**